**Paul DEPARRIE, Plaintiff-Appellant,**

v.

**Judy HANZO, Director of Portland Feminist Women's Health Center; Katherine McDowell; Portland Feminist Women's Health Center; Stoel Rives LLP, Defendants-Appellees.**

No. 00–35343.

D.C. No. CV–99–00987–ALH.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 23, 2001.

---

3. That the district court lodged the October 30, 1997 complaint is indicated on the docket for case number 97–CV–873, the original case number assigned by the court clerk on October 30, 1997, when Hackbarth filed her motion to proceed in forma pauperis. That motion was denied on November 5, 1997 and the complaint returned the same day. We take judicial notice of these adjudicatory facts, pursuant to Fed.R.Evid. 201. *See Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 n. 5 (9th Cir.1995), *rev'd on other grounds*, 520 U.S. 548, 117 S.Ct. 1535, 137 L.Ed.2d 800 (1997).

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Paul deParrie appeals pro se the district court's judgment dismissing his civil rights action alleging that defendants violated his rights by obtaining a permanent stalking protective order against him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), *cert. denied*, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999), and we affirm.

The district court properly dismissed deParrie's 42 U.S.C. § 1983 claim because he failed to allege facts to establish that the defendants acted under color of state law. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 837, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1538 (9th Cir.1992).

Because deParrie failed to demonstrate that he belongs to a protected class, the district court properly dismissed his section 1985(3) action. *See Sever*, 978 F.2d at 1536; *Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir.1985) (stating that an allegation of class-based discrimination is required to plead a section 1985(3) cause of action).

The district court properly dismissed deParrie's section 1985 claim alleging a conspiracy between Dr. Hanzo and her attorneys. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982) (noting that conclusory allegations are inadequate to state a claim under 42 U.S.C. § 1985).

AFFIRMED.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.