MEMORANDUM **
Michael David Storman appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action challenging the constitutionality of Medicare Part D pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for relief. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm.
The district court properly determined that defendants are immune from claims for damages. See Rattlesnake Coal. v. United States Envtl. Prot. Agency, 509 F.3d 1095, 1103 (9th Cir.2007) (requiring waiver by the United States before a federal court may adjudicate a claim brought against a federal agency); Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997) (explaining Eleventh Amendment immunity extends to state agencies); Moronga Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1382 n. 5 (9th Cir.1988) (“A claim alleged against a state officer acting in his official capacity is treated as a claim against the state itself.”).
The district court properly dismissed Storman’s claim for injunctive relief be *147 cause “the Due Process Clauses generally confer no affirmative right to governmental aid” and the government has a legitimate purpose in demanding nominal co-payments when allocating limited aid dollars. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).
Storman’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.