**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSIEL RODRIGUEZ, | No. 09-15482 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00332-GSA |
| v. | |
| J. KARGE, Captain; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted September 13, 2010[***]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Osiel Rodriguez, a federal prisoner, appeals pro se from the district court's

judgment dismissing his action brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    Rodriguez consented to the jurisdiction of the magistrate judge.

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional violations arising from an electronic word search of his documents and related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed the Fourth Amendment claim alleging that prison officials improperly conducted electronic word searches on documents that Rodriguez drafted on a shared word processor because inmates have no legitimate expectation of privacy in their prison cells or possessions. *See Hudson v. Palmer*, 468 U.S. 517, 525-27 (1984).

The district court properly dismissed the due process claims because Rodriguez failed to allege facts showing how his placement in the Secure Housing Unit or transfer to the Administrative Maximum facility imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Wilkinson v. Austin*, 545 U.S. 209, 223-34 (2005). Further, "inmates lack a separate constitutional entitlement to a special prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

**AFFIRMED.**

09-15482