FILED

APR 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP J. ROSENBLUM, | No. 10-15155 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01176-PMP-GWF |
| v. | |
| MULE CREEK STATE PRISON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Philip M. Pro, District Judge, Presiding

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Phillip J. Rosenblum, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under 28 U.S.C. §§ 1915(e) and 1915A for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed the action because Rosenblum's factual allegations and the attachments to the operative complaint show that defendants did not act with deliberate indifference to his medical problems. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety, and negligence or a difference in medical opinion are insufficient to establish deliberate indifference); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (explaining that "we may consider facts contained in documents attached to the complaint" in determining whether the complaint states a claim for relief).

Rosenblum's remaining contentions are unpersuasive.

**AFFIRMED.**