**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAIGA HRALIMA, | No. 10-16931 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00230-RCJ-RAM |
| v. | |
| PRISON HEALTH SERVICES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N. R. SMITH, Circuit Judges.

Maiga Hralima, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he was

forcibly medicated in 2002 and 2003.  We have jurisdiction under 28 U.S.C. §

1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e).  *Barren v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We review for an abuse of discretion the denial of leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  We affirm.

The district court properly dismissed Hralima's action because his § 1983 claims, filed more than two years after his causes of action accrued, were barred by the statute of limitations.  *See* Nev. Rev. Stat. § 11.190(4)(e); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993) (per curiam) (the statute of limitations for § 1983 claims are governed by the forum state's statute of limitations for personal injury claims).

The district court did not abuse its discretion by dismissing without leave to amend where amendment would be futile.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Hralima's remaining contentions, including those concerning tolling, are unpersuasive.

**AFFIRMED.**