**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENT A. WINTERS; et al., | No. 10-17829 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-00522-JAM-KJN |
| v. | |
| DELORES JORDAN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Brent A. Winters and members of his family appeal pro se from the district

court's judgment dismissing various federal and state claims they brought against

defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643 (9th Cir. 2009), and we affirm.

The district court properly determined that defendant Ford is immune from liability under the *Noerr-Pennington* doctrine because the Winters' factual allegations in their amended complaint showed that the "sham" exception is inapplicable. *See Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998) (explaining the *Noerr-Pennington* doctrine and the circumstances where the "sham" exception is applicable).

The district court properly dismissed the assault claims against defendants Arbuckle and Burrows Security Force because the amended complaint failed to allege facts sufficient to state a claim. *See Lowry v. Standard Oil Co.*, 146 P.2d 57, 60 (Cal. Ct. App. 1944) (under California law, an assault requires an unlawful intent by one person to inflict immediate injury on another).

The district court properly dismissed the sexual assault claim because the allegations in the amended complaint do not demonstrate that Arbuckle had an unlawful intent to inflict immediate injury on Cacey. *See id.*

The district court properly dismissed the sexual harassment claim because, even assuming that there is a qualifying relationship between Arbuckle and Cacey, Arbuckle's alleged conduct was neither "pervasive" nor "severe." *See Hughes v.*

10-17829

*Pair*, 209 P.3d 963, 974-75 (Cal. 2009) (explaining when conduct is "pervasive" or "severe" within the meaning of Cal. Civ. Code § 51.9).

The district court properly dismissed the conspiracy claim because the amended complaint failed to allege facts sufficient to state a claim. *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) ("To establish liability for a conspiracy in a § 1983 case, a plaintiff must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights.").

The district court properly dismissed the access to courts claim because the amended complaint failed to allege facts demonstrating any actual injury. *See Barren v. Harrington*, 152 F.3d 1193, 1195 (9th Cir. 1998) ("To state a valid claim for denial of access to the courts, a plaintiff must allege an actual injury.").

We do not consider issues that were not raised in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

The Winters' remaining contentions are unpersuasive.

**AFFIRMED.**

3                                                                          10-17829