**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHAEL M. MARTINEZ, | No. 11-35115 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00580-ST |
| v. | |
| MAX WILLIAMS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Former Oregon state prisoner Michael M. Martinez appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations in connection with a prison guard's shooting of Martinez

during a prison yard riot.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Day v. Apoliona,* 616 F.3d 918, 924 (9th Cir. 2010). We affirm as to the claims against Williams and Nooth, and reverse as to the claims against Fletcher.

The district court properly granted summary judgment as to Williams and Nooth because Martinez failed to raise a genuine dispute of material fact as to whether either was "personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).

To the extent that Martinez alleges that Williams and Nooth are liable based on their promulgation or implementation of an unconstitutional use-of-force policy, summary judgment was proper because Martinez has failed to raise a genuine dispute of material fact as to whether the Oregon Department of Corrections' policy is "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citations and internal quotation marks omitted); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (finding a similar policy to be constitutional).

However, at this stage in the proceedings, a genuine dispute of material fact precludes granting summary judgment for Fletcher on the grounds of qualified immunity. *See Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991)

(holding that officers were not entitled to qualified immunity at the summary judgment stage where there was a triable dispute as to whether they were reasonable in shooting a suspect who was not facing or pointing his gun at them). The evidence submitted by the parties creates a dispute as to whether Martinez was kicking another inmate at the time he was shot. Under Martinez's version of the facts, we cannot say that a "reasonable official standing where [Fletcher] was standing" could believe that shooting Martinez was a "good faith effort to restore order, and thus lawful." *Marquez v. Gutierrez*, 322 F.3d 689, 693 (9th Cir. 2003).

Accordingly, we affirm summary judgment as to the claims against Williams and Nooth, and reverse summary judgment as to the claims against Fletcher.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**