**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LYNN WATERS, | No. 11-16979 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01643-AWI-DLB |
| v. | |
| ZAMORA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Michael Lynn Waters, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendant Zamora violated his Eighth Amendment rights by determining that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Waters could be double-celled.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2).  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We affirm.

The district court properly dismissed Waters's action because Waters failed to allege facts sufficient to show that Zamora knew of and disregarded a substantial risk of serious harm to his safety, or deprived him of the "minimal civilized measure of life's necessities."  *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (citation and internal quotation marks omitted) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

We do not consider arguments, including those relating to a due process claim, raised for the first time on appeal.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

11-16979