**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH BOWLING, | No. 10-36015 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00605-ST |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS, Max Williams, Director; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Kenneth Bowling, an Oregon state prisoner, appeals pro se from the district

court judgment dismissing his 42 U.S.C. § 1983 action alleging, among other

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

things, that defendants violated his right to access the courts by taking or failing to send out his legal mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly dismissed Bowling's access to court claims based on defendants' alleged failure to provide assistance because Bowling either sought to pursue legal matters unrelated to his sentence or condition of confinement, or failed to allege actual injury. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (discussing the requirements for an access to court claim based on a failure to provide assistance).

However, the district court did not have the benefit of our recent decision in *Silva*, in which we explained that prisoners also have access to court rights to litigate without active interference claims that have a reasonable basis in law or fact. *See id.* at 1102-03 (explaining the difference between "interference" and "assistance" access to court claims). Liberally construing Bowling's amended complaint, it appears that he alleged access to court claims based on defendants' alleged interference with his ability to litigate a work-related injury lawsuit. In addition, it appears that Bowling alleged due process, retaliation, and equal protection claims, which the district court did not address. Accordingly, we vacate

the dismissal with prejudice and remand so that the district court may consider these claims in the first instance, notify Bowling of any defects, and provide an opportunity to amend, if appropriate.

Bowling shall bear his own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**