FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MILAUDI KARBOAU,

        Plaintiff - Appellant,

  v.

CITY OF PORTLAND; et al.,

        Defendants - Appellees.

No. 11-35987

D.C. No. 6:11-cv-00679-JO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Former federal detainee Milaudi Karboau appeals pro se from the district

court's judgment dismissing his action under the Alien Tort Statute, 28 U.S.C.

§ 1350, alleging violations of Article 36 of the Vienna Convention on Consular

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Relations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Karboau's action because Article 36 of the Vienna Convention on Consular Relations does not create a private right of action. *See Cornejo v. County of San Diego*, 504 F.3d 853, 855 (9th Cir. 2007) ("Article 36 does not create judicially enforceable rights.").

The district court did not abuse its discretion in dismissing without leave to amend because the complaint cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

**AFFIRMED.**