**Donald Robin BARREN,**
**Plaintiff–Appellant,**

**v.**

**Tom HARRINGTON, Defendant–Appellee.**

No. 98–15277.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 17, 1998.*

Decided Aug. 26, 1998.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Donald Robin Barren, Carson City, NV, pro se.

No appearance for defendant-appellee.

Before: O'SCANNLAIN, RYMER, and HAWKINS, Circuit Judges.

## ORDER

Barren appeals the district court's order sua sponte dismissing the third amended complaint of his § 1983 action filed in forma pauperis against various members of the Nevada state law enforcement community. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The district court dismissed pursuant to 28 U.S.C. § 1915(e), holding that Barren had failed to present claims cognizable under § 1983. The Prison Litigation Reform Act of 1996, Pub.L. No. 104–134, §§ 801–10, 110 Stat. 1321, amended § 1915 to require the district court to dismiss in forma pauperis prisoner civil rights suits if the court determines that the action does not state a claim upon which relief may be granted. § 1915(e)(2)(B)(ii). The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6). We join our sister circuits and employ the same de novo standard to review such dismissals as we use to review dismissals pursuant to 12(b)(6). *See Black v. Warren*, 134 F.3d 732, 733 (5th Cir.1998); *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir.1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir.1996).

The statutory authority is clear: "the court shall dismiss the case *at any time* if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

■ Barren's complaint comprised four separate allegations. Count I alleged that the defendants had conspired to deny him his Fourth Amendment rights by bringing charges against him without probable cause, thus causing him to be incarcerated for 156 days before the charges were dismissed. Count II alleged that his due process rights were violated when he was held from May 1995 to October 1995 without a hearing. Count III alleged that he was denied the equal protection of the laws and was denied his First Amendment right of access to the courts when the defendants caused his brass slip requesting payment of a court ordered $5 filing fee to be denied. Count IV alleged that the appellant was denied access to the courts when his brass slip was denied, resulting in the dismissal of his lawsuit, *Barren v. Harrington*, CV–N–96–254–DWH.

■ A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant. *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980). Barren has failed to meet this standard by failing to allege any facts which would support his allegations that the defendants had conspired to violate his Fourth Amendment rights, and by failing to allege any specific proceedings in which his due process rights were violated.

■ To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Washington v. Davis*, 426 U.S. 229, 239–40, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Sischo–Nownejad v. Merced Community College Dist.*, 934 F.2d

1104, 1112 (9th Cir.1991); *Gutierrez v. Municipal Court of the Southeast Judicial District,* 838 F.2d 1031, 1047 (9th Cir.1988) (purposeful discrimination is an essential element of an equal protection claim). Barren has not demonstrated that he is a member of a protected class.

■ To state a valid claim for denial of access to the courts, a plaintiff must allege an actual injury. *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Barren has not alleged that he has suffered an actual injury.

Barren has offered no more than conclusory allegations that the defendants were involved in a conspiracy to deprive him of his constitutional rights. Consequently, the district court did not err in dismissing this third amended complaint.

**AFFIRMED.**