Edward GOLDWATER, Plaintiff–Appellant,

v.

STATE OF ARIZONA BOARD OF CHIROPRACTIC EXAMINERS, et al., Defendants–Appellees.

No. 00–15395.

D.C. No. CV–99–1534–RGS.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001 *.

Decided May 30, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Arizona inmate Edward Goldwater appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that his chiropractic license was improperly suspended while he was being held on first degree murder charges. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals pursuant to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm the district court's order of dismissal on absolute immunity grounds for the reasons stated in the district court's order filed on January 20, 2000.

It is well established that we may affirm on any basis supported by the record, *United States v. Washington,* 969 F.2d 752, 755 (9th Cir.1992), and we find that the district court properly dismissed Goldwater's claims for injunctive relief against the board members in their individual capacities because the pending chiropractic board proceedings satisfied all elements of the *Younger* abstention doctrine. *See Middlesex County Ethics Comm. v. Garden State Bar Assoc.,* 457 U.S. 423, 431–32, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Hirsh v. Justices of Supreme Court of California,* 67 F.3d 708, 712–13 (9th Cir. 1995).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Accordingly, Goldwater's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.