**Eddie TANG, Plaintiff–Appellant,**

v.

**The NORTHERN CHEYENNE TRIBE; et al., Defendants–Appellees.**

No. 01–35832.

D.C. No. CV–01–00082–JDS.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Eddie Tang appeals pro se the district court's judgment dismissing, without leave to amend, his action pursuant to 42 U.S.C. §§ 1983 and 1985 alleging that the Northern Cheyenne Tribal Court ("Tribal Court") violated his civil rights by exercising jurisdiction over him, that the Montana Child Support Enforcement Division violated his civil rights by registering and enforcing the orders of the Tribal Court, and that his alleged ex-common-law wife and her lawyer violated his civil rights by

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

seeking remedies against him in the Tribal Court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo 28 U.S.C. § 1915(e) dismissals, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), and we affirm.

The federal courts lack jurisdiction to consider Tang's claims against the Northern Cheyenne Tribe because Tang has not yet exhausted his remedies by appealing tribal jurisdiction to the tribal appeals court. *See Allstate Indem. Co. v. Stump*, 191 F.3d 1071, 1073 (9th Cir.), *amended by* 197 F.3d 1031 (9th Cir.1999).

Tang failed to state a claim against the Montana Child Support Enforcement Division because the state agency is not a "person" who can be held liable under 42 U.S.C. § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

Tang failed to state a section 1983 claim against Jackie Limpy and Michael Eakin because he did not allege that they performed a traditional and exclusive governmental function. *Cf. Lee v. Katz*, 276 F.3d 550, 554–55 (9th Cir.2002).

Tang failed to state a claim under 42 U.S.C. § 1985 because he did not allege that the defendants were motivated by an impermissible animus to deprive a protected class of its civil rights. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993).

Tang's contention that he stated causes of action under 28 U.S.C. §§ 1343(a), 1346(a)(2) and (b)(1), and 1357 lacks merit.

**AFFIRMED.**

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.