**Gene Christian COLLINS,**
**Plaintiff—Appellant,**

v.

**John ASHCROFT, Attorney General;**
**et al., Defendants—Appellees.**

**No. 02–55785.**
**D.C. No. CV–00–10662–GHK.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 20, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

## MEMORANDUM [**]

Gene Christian Collins, a federal prisoner, appeals pro se the district court's judgment dismissing, pursuant to 28 U.S.C. § 1915A, his *Bivens* action alleging the defendants violated his right to marry while he was a pretrial detainee at Metropolitan Detention Center ("MDC") of Los Angeles. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm in part, and reverse and remand in part.

Collins alleged, *inter alia,* that Warden Seifert denied his request for permission to marry based on an exaggerated response to security concerns. According to Collins, Seifert could have addressed his security concerns through less restrictive means by denying visitation privileges to married inmates where appropriate. Collins further alleged that Seifert has not approved a marriage at MDC in over eight years, has failed to properly implement the prison regulations on marriage, and employs a number of tactics to discourage inmates from getting married or submitting marriage requests, including delays and retaliatory transfers. Collins also alleged that the regulation and policy statement which permit the warden to deny his right to marry are unconstitutional.

The district court properly dismissed without prejudice Collins' retaliation claim against Seifert, and the claims against Wilner and Smith, because Collins admitted nonexhaustion of those claims. *See Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Turhune,* 315 F.3d 1108, 1119 (9th Cir.

2003); *see also United States v. Washington,* 969 F.2d 752, 755 (9th Cir.1992) (affirming on alternative basis supported by the record).

As to Collins' remaining allegations against defendants Ashcroft, Hawk–Sawyer and Seifert, we cannot say at this early stage in the proceedings that Collins fails to state a claim for relief. *See Turner v. Safley,* 482 U.S. 78, 84, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (concluding that marriage restriction was an exaggerated response to prison officials' articulated rehabilitation goal). Accordingly, we reverse the district court's judgment as to Collins' remaining claims and remand for further proceedings.

AFFIRMED in part, REVERSED in part, and REMANDED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.