Alonzo **McKINNEY,** Plaintiff–Appellant,

v.

Linda L. **RIANDA,** Chief of Inmate Appeal Branch; et al., Defendants–Appellees.

No. 06–55196.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Alonzo McKinney, Crescent City, CA, pro se.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

California state prisoner Alonzo McKinney appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action with prejudice for failure to state a claim for relief. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e) for failure to state a claim. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We review for an abuse of discretion the district court's decision to transfer venue pursuant to 28 U.S.C. § 1406(a).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*King v. Russell,* 963 F.2d 1301, 1304 (9th Cir.1992). We affirm.

The district court did not err in dismissing McKinney's action for failure to state a claim where McKinney's complaint failed to allege facts showing he suffered an injury when he was denied access to his legal papers during his transfer to a different facility. *See Sands v. Lewis,* 886 F.2d 1166, 1171 (9th Cir.1989) ("An 'actual injury' consists of some specific 'instance in which an inmate was actually denied access to the courts.' "). Moreover, McKinney was provided with an adequate post-deprivation remedy as his property was returned after his inmate grievance was granted. *See Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (holding "a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983" so long as an adequate post-deprivation remedy exists).

The district court in the Eastern District of California did not abuse its discretion in transferring the action to the Central District of California after determining that most of the defendants resided in and a substantial part of the events giving rise to McKinney's claims occurred in the Central District. *See* 28 U.S.C. § 1391(b).

McKinney's remaining contentions are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.