**William BARKS, Plaintiff—Appellant,**

v.

**Jackie CRAWFORD; John Douglas; John Drew; Paul Pabon; Brian Sanchez; Robert Wideman, Defendants—Appellees.**

No. 06–15670.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2008.*

Filed Feb. 19, 2008.

James Andre Boles, Esq., Reno, NV, for Plaintiff-Appellant.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R.36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan E. Lee, Esq., Office of the Nevada Attorney General, Lilli C. Hitt, Esq., Nevada State General Office, Louis F. Holland, Esq., Transportation Division, Michael D. Jensen, Nevada Attorney General's Office Motor Vehicle & Public Safety Department, Carson City, NV, Dania M. Severson, Esq., Reno, NV, for Defendants–Appellees.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

### MEMORANDUM **

William Barks' ("Barks") complaint appears to state only a claim that Nevada Department of Corrections ("NDOC") Director Crawford conspired to deprive him of his *procedural* due process rights by attempting to force him to resign. However, the sole issue he raises on appeal is the reasonableness of his detention and arrest by agents Crawford employed to investigate an allegation of impropriety at NDOC, where Barks was employed. Even assuming his complaint actually presents a substantive Fourth Amendment cause of action, the employment-context questioning by investigators did not rise to the level of an unlawful arrest or detention, *see Aguilera v. Baca*, 510 F.3d 1161 (9th Cir. 2007), and he does not dispute the validity of the arrest for writing a bad check.

Finally, even if the actions by the investigators were somehow unlawful, Barks

** This disposition is not appropriate for publi-

has already settled and dismissed his suit against them. Therefore, he must establish a genuine issue of fact regarding *Crawford's* involvement in or knowledge of the manner of the interrogation, and this he has not done. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *see also Motley v. Parks*, 432 F.3d 1072, 1081 (9th Cir.2005) (supervisor may be liable under § 1983 if she sets in motion a series of acts which she knew or should have known would cause constitutional injury, but absent some indication that investigation is inadequate or incompetent, supervisor has no obligation to follow up on a subordinate's investigation).

**AFFIRMED.**

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.