MEMORANDUM **
Henry B. Gamier, Jr., a former Washington state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(l) for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000) (reviewing dismissal under § 1915A); Barren v. Hartington, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (reviewing dismissal under § 1915(e)(2)). We affirm.
The district court properly dismissed Garnier’s action for failure to state a claim. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (“[A] public defender does not act under color of state law when performing a lawyer’s traditional functions as counsel to a defendant in a criminal proceeding.”); Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir.2005) (“[D]ifferent treatment of unlike groups does not support an equal protection claim.”); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (“Liability under section 1983 arises only upon a showing of personal participation by the defendant.”).
Gamier has abandoned any challenge to the district court’s conclusions that his claims regarding Washington State House Bill 2010 are precluded, and that he has an adequate post-deprivation state remedy for wages allegedly unlawfully withheld from him. See Cook v. Schriro, 538 F.3d 1000, 1014 n. 5 (9th Cir.2008) (explaining that issues not raised on appeal are deemed abandoned).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.