**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY ALLEN CROZIER, | No. 11-15194 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00535-LRH-RAM |
| v. | |
| ADAM ENDEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 11, 2011[**]

Before:     THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Nevada state prisoner Jeremy Allen Crozier appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging equal protection, unlawful seizure, access-to-courts, and due process claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). The court may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Crozier's equal protection claim because he failed to allege that defendants intentionally discriminated against him based on his membership in a suspect class or that defendants' conduct lacked any rational basis. *See Rodriguez v. Cook,* 169 F.3d 1176, 1179-81 (9th Cir. 1999).

The district court properly dismissed Crozier's claim for unlawful seizure of property because there is no Fourth Amendment right to be free from searches and seizures in prison. *See Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (traditional right of privacy is fundamentally incompatible with continual prison surveillance of inmates and their cells for internal security); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (property deprivation is not cognizable under §1983 where state law provides adequate post deprivation remedy); *see also* Nev. Rev. Stat. § 209.243 (prisoners can file administrative claim to recover compensation for loss of property, property damage, personal injuries, or other torts during incarceration within six months of injury).

The district court properly dismissed Crozier's access-to-courts claim because, given his successful filing of numerous civil rights actions, he could not allege any actual injury as a result of his delayed or limited access to the prison law library or other materials. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (inmate must establish that alleged shortcomings in prison library frustrated a legal claim).

Dismissal of Crozier's due process claim was proper because he did not allege that issuance of a rule violation report imposed "an atypical and significant hardship" on him in relation to the ordinary incidents of prison life to give rise to a protected liberty interest. *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

Crozier's remaining contentions are unpersuasive.

**AFFIRMED.**