**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD FORD, | No. 10-35861 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00640-MHW |
| v. | |
| IDAHO STATE BAR; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Mikel H. Williams, Magistrate Judge, Presiding[**]

Submitted February 28, 2012[***]

Before:    LEAVY, THOMAS, and CHRISTEN, Circuit Judges.

Harold Ford appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action challenging Idaho state bar decisions resolving his claims

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Ford consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

against a former attorney for misconduct and reimbursement of attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (*Rooker-Feldman* doctrine); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Ford's action as barred by the *Rooker-Feldman* doctrine because the action is a "forbidden de facto appeal" of state bar decisions, and raises constitutional claims that are "inextricably intertwined" with those decisions. *Noel*, 341 F.3d at 1158; *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (concluding that the district court lacked jurisdiction where the plaintiff "essentially asked the federal court to review the state court's denial in a judicial proceeding, and to afford him the same individual remedy he was denied in state court" (internal citation and quotation marks omitted)).

Ford's remaining contentions are unpersuasive.

**AFFIRMED.**