**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE T. SMITH, | No. 11-16493 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01415-JCM-RJJ |
| v. | |
| DWIGHT NEVENS, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Nevada state prisoner Willie T. Smith appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim and

failure to exhaust administrative remedies.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Smith's Fourth Amendment claim alleging an unlawful search because prisoners have no constitutional right to privacy in their cells. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.").

The district court properly dismissed Smith's Fourteenth Amendment claim alleging denial of access to education and employment because there is no constitutional or state-created right to rehabilitation programs in prison. *See* Nev. Rev. Stat. § 209.389(4) (offenders do not have a right to educational and vocational programs); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) ("[T]here is no constitutional right to rehabilitation.").

The district court properly dismissed Smith's Fourteenth Amendment due process claim because Smith's decision to remain silent does not render his disciplinary proceeding unconstitutional. *See Baxter v. Palmigiano*, 425 U.S. 308,

319-20 (1976) (Fifth Amendment does not forbid adverse inferences against a prisoner who remains silent in disciplinary proceedings).

The district court properly dismissed Smith's retaliation claims without prejudice because Smith did not exhaust prison grievance procedures concerning those claims and failed to show that exhaustion was effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (exhaustion is mandatory and must be done in a timely manner consistent with prison policies); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing prisoner's failure to exhaust where prisoner is prevented from doing so).

Smith's contentions that the district court should have requested counsel for him and granted his motion to receive free copies are unpersuasive.

**AFFIRMED.**