**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ESTER BURNETT,

          Plaintiff - Appellant,

  v.

JACK ST. CLAIR, Chief Medical Officer;
CLAY, Warden,

          Defendants - Appellees.

No. 11-16996

D.C. No. 1:10-cv-00822-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted November 13, 2012[***]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Ester Burnett, a California state prisoner, appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Burnett consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Burnett's Eighth Amendment claim because Burnett failed to allege facts establishing that any defendants consciously disregarded his serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (a prison official is deliberately indifferent only if he knows of and disregards an excessive risk to an inmate's health or safety; mere negligence does not constitute deliberate indifference); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

The district court properly dismissed Burnett's due process claim after it determined that the Eighth Amendment provided the proper basis for evaluating his allegations that defendants disregarded his serious medical needs. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) ("[W]here a particular Amendment provides an explicit textual source of constitutional protection against

11-16996

a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (citations and internal quotation marks omitted).

The district court properly determined that Burnett's allegations regarding the cancellation of his appointment failed to state a claim for a violation of section 845.6 of the California Government Code. *See* Cal. Govt. Code § 845.6; *Watson v. State*, 26 Cal. Rptr. 2d 262, 265 (Ct. App. 1993) (liability under section 845.6 is limited to situations where defendants intentionally or unjustifiably fail to respond to "serious and obvious conditions requiring immediate care").

**AFFIRMED.**