

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVON THOMPSON, | No. 12-55277 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-01535-MMM-MLG |
| v. | |
| RON HOOPS, Sheriff, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| D. BOLOT, Facility Administrator; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Travon Thompson appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging access-to-courts, equal protection, due process, and free exercise claims arising during his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly dismissed Thompson's access-to-courts claim because Thompson failed to allege actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (access-to-courts claim requires actual prejudice to contemplated or existing litigation, such as inability to meet a filing deadline or to present a claim).

The district court properly dismissed Thompson's equal protection claim because Thompson failed to allege facts demonstrating that defendants acted with the intent to discriminate against him on the basis of his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (explaining requirements for stating an equal protection claim).

The district court properly dismissed Thompson's due process claim because Thompson failed to allege facts showing that his limited access to the common

room amounted to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979) (pretrial detainees may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution"); *Clouthier v County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010) ("The key question in determining whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word, is whether the restrictions evince a punitive purpose or intent." (citation and internal quotation marks omitted)).

However, dismissal of Thompson's free exercise claim was improper. In its order filed on November 10, 2011, the district court determined that Thompson's First Amended Complaint stated a cognizable free exercise claim, and informed Thompson that, if his Second Amended Complaint failed properly to plead any other causes of action, it would serve defendants Henning and Bolot with the free exercise claim. Accordingly, we vacate and remand to allow the district court to do so.

Thompson's second motion for appointment of counsel is denied.

**AFFIRMED in part, VACATED in part, and REMANDED.**