**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DeWAYNE THOMPSON,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>J. DePOND, Correctional Officer,<br><br>            Defendant - Appellee. | No. 14-15993<br><br>D.C. No. 1:13-cv-00527-AWI-BAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

DeWayne Thompson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging an Eighth

Amendment violation. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We affirm.

The district court properly dismissed Thompson's action because Thompson failed to allege facts sufficient to show that he suffered extreme deprivations constituting an Eighth Amendment violation.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim."); *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (to determine whether a constitutional violation has occurred, the circumstances, nature, and duration of a deprivation must be considered; more modest deprivations must be lengthy or ongoing).

We reject Thompson's contention that the district court erroneously failed to address the subjective component of the alleged Eighth Amendment violation.

**AFFIRMED.**

14-15993