**Oscar H. VILLANUEVA, Plaintiff–Appellant,**

**v.**

**M.D. BITER, Warden at Kern Valley State Prison; S. Lopez, Chief Medical Executive at Kern Valley State Prison, Defendants–Appellees.**

**No. 13–16935.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed Aug. 3, 2015.

Oscar H. Villanueva, Lancaster, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM ***

Oscar H. Villanueva, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown,* 630 F.3d 889, 892 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We reverse and remand.

Dismissal of Villanueva's action was premature because Villanueva alleged that defendants were aware of water contamination issues at the prison since the facility opened but failed to act, which resulted in harm to his health. Liberally construed, these allegations were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman,* 680 F.3d 1113, 1116 (9th Cir.2012); *see also Johnson v. Lewis,* 217 F.3d 726, 732 (9th Cir. 2000) ("More modest deprivations can also form the objective basis of [an Eighth Amendment] violation, but only if such deprivations are lengthy or ongoing."); *Keenan v. Hall,* 83 F.3d 1083, 1091 (9th Cir.1996) (water adequate to maintain

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

health is a basic human need protected by the Eighth Amendment).

**REVERSED and REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.