FILED

**NOT FOR PUBLICATION**

MAR 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LaKEITH L. McCOY,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>S. CACCIOLA, Correctional Officer at California Correctional Institution; et al.,<br><br>       Defendants - Appellees. | No. 15-15022<br><br>D.C. No. 1:13-cv-00995-SKO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted March 15, 2016[***]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

    LaKeith L. McCoy, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    McCoy consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

retaliation claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed McCoy's action because McCoy failed to allege facts sufficient to show that Cacciola's conduct was arbitrary, capricious, or did not advance a legitimate correctional goal. *See Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (setting forth the elements of a § 1983 retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains."); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**

15-15022