**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN COOPER, | No. 15-15354 |
| Plaintiff - Appellant, | D.C. No. 4:14-cv-02108-JAS-PSOT |
| v. | |
| ROBERT McFADDEN, Regional Director; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Adrian Cooper appeals from the district court's judgment dismissing his

action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), alleging malicious prosecution and equal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We reverse and remand.

Dismissal of Cooper's malicious prosecution and equal protection claims at the screening stage was premature because, taking Cooper's allegations as true and drawing all reasonable inferences in his favor, Cooper sufficiently alleged that defendants Peterson, Campbell, and Cranford assaulted Cooper and prosecuted him with the purpose of denying him equal protection because Cooper was an African American who pursued grievances. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc) (to state a constitutional claim for malicious prosecution, a plaintiff must allege "that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right" (citation and internal quotation marks omitted)); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("To state a claim . . . for a violation of the Equal Protection Clause . . . a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the

plaintiff based upon membership in a protected class.").

We do not address the district court's dismissal of Cooper's claims against defendant McFadden as Cooper did not raise these claims in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by party in its opening brief are deemed waived.").

**REVERSED and REMANDED.**

15-15354