NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID N. OSOLINSKI, | No. 15-16219 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-01895-AWI-SAB |
| v. | |
| MARISA BIGOT; DOE, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

California civil detainee David N. Osolinski appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state

law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Barren v. Harrington*, 152 F.3d

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1193, 1194 (9th Cir. 1998) (order).  We affirm in part, reverse in part, and remand.

The district court properly dismissed Osolinski's Fourth Amendment claim because Osolinski failed to allege facts sufficient to state a claim.  *See Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (setting forth elements); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court dismissed Osolinski's state law claims on the ground that violations of state law do not give rise to a claim for relief under 42 U.S.C. § 1983.  However, California's constitution provides a right of privacy cause of action, *see Hernandez v. Hillsides, Inc.*, 211 P.3d 1063, 1073 (Cal. 2009), and Osolinski expressly brought such a claim pursuant to the district court's supplemental jurisdiction under 28 U.S.C. § 1367.  On remand, the district court should exercise its discretion as to whether it will exercise supplemental jurisdiction over Osolinski's state law claims.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

15-16219