**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DON MCCUNE, | No. 15-16341 |
| Plaintiff - Appellant, | D.C. No. 3:15-cv-00142-MMD-VPC |
| v. | |
| LEGRAND, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Don McCune, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action arising out of state parole

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Hamilton v. Brown*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

630 F.3d 889, 892 (9th Cir. 2011); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We may affirm on any ground supported by the record. *Hamilton*, 630 F.3d at 893.  We affirm.

To the extent McCune alleged that the prior denial of parole was improper, the district court properly dismissed McCune's action because success in his action would necessarily demonstrate the invalidity of his confinement or its duration, and McCune failed to show that his conviction or sentence has been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (a prisoner's § 1983 action is barred if success "would necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the conviction or sentence has already been invalidated" (citation and internal quotation marks omitted)).

To the extent McCune challenged state parole procedures and sought an injunction regarding a future hearing, dismissal was proper because McCune failed to allege facts sufficient to state a plausible claim that his due process rights were violated.  *See Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010) ("Nevada's statutory parole scheme . . . expressly disclaims any intent to create a liberty interest."); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." (citation and

internal quotation marks omitted)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

**AFFIRMED.**