**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALENTINO SOLIS, | No. 16-56260 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-01005-PSG-JEM |
| v. | |
| WEST VALLEY DETENTION CENTER, Watch Commander, in his/her capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Valentino Solis appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Solis's claims against West Valley Detention Center and High Desert Detention Center because Solis failed to allege facts sufficient to show that an official policy or custom deprived him of his constitutional rights. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) ("In order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury" (citation and internal quotation marks omitted)).

The district court properly dismissed Solis's deliberate indifference claim arising from treatment while Solis was a pretrial detainee at High Desert Detention Center because, under any applicable standard, Solis failed to allege facts sufficient to show that defendant knew of and disregarded an excessive risk to Solis's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("A prison official acts with deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety"); *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (pretrial detainee's claim of medical deliberate indifference is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *cf.*

16-56260

*Castro*, 833 F.3d at 1067-71 (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

The district court properly dismissed Solis's failure-to-protect claim arising from the conduct of a classification officer at West Valley Detention Center because Solis failed to allege facts sufficient to show that the defendant officer knew of and disregarded an excessive risk to Solis's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he "knows of and disregards an excessive risk to inmate . . . safety").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Solis's motion for appointment of counsel (Docket Entry No. 9) is denied.

**AFFIRMED.**