**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER GERARD WAHL,

    Plaintiff-Appellant,

 v.

SUTTON, Warden,

    Defendant-Appellee.

No. 18-15754

D.C. No. 1:16-cv-01576-LJO-BAM

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted August 15, 2018**

Before:  FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

  Former California state prisoner Peter Gerard Wahl appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

and Fourteenth Amendment claims relating to his detention past his release date.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v.*

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, reverse in part, and remand.

The district court properly dismissed Wahl's due process claim because Wahl failed to allege facts sufficient to show that an official practice or procedure led to his unlawful detention. *See Haygood v. Younger*, 769 F.2d 1350, 1359 (9th Cir. 1985) (en banc) (setting forth standard for evaluating a due process violation in the context of an unlawful detention).

The district court dismissed Wahl's deliberate indifference claim, finding no indication that defendant was aware of Wahl's reduced sentence. However, Wahl alleged that defendant was informed of his reduced sentence through the grievance process and then failed to intervene. Liberally construed, these allegations are sufficient to warrant ordering defendant to file an answer. *See id.* at 1354-55 (explaining that detention beyond the termination of a sentence constitutes cruel and unusual punishment where the defendant, after being put on notice, fails to act); *see also Wilhelm*, 680 F.3d at 116 (pro se pleadings must be liberally construed). We reverse the judgment as to Wahl's deliberate indifference claim

2                                                                      18-15754

only and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**