NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY R. ANDOE,<br><br>              Plaintiff-Appellant,<br><br>    v.<br><br>KEVIN KEMPH, Director; et al.,<br><br>              Defendants-Appellees. | No. 18-35527<br><br>D.C. No. 1:16-cv-00287-DCN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Johnny R. Andoe, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and

access-to-courts claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  *Barren v. Harrington*,

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Andoe's retaliation claim because Andoe failed to allege facts sufficient to show that any defendant acted with a retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-58 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 807-08 (9th Cir. 1995) (the timing of adverse actions alone is insufficient to establish retaliatory intent).

The district court properly dismissed Andoe's access-to-courts claim because Andoe failed to allege facts sufficient to show that he suffered actual injury to his ability to bring a non-frivolous legal claim. *See Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (setting forth elements of access-to-courts claim); *see also Lewis v. Casey*, 518 U.S. 343, 351-54 (1996) (discussing the actual injury requirement for an access-to-courts claim).

**AFFIRMED.**