NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL MUTHEE MUNYWE,

  Plaintiff-Appellant,

 v.

JULIE DIER, Detective, Tacoma Police Department; JEFFREY THIRY, Police Officer; BRIAN SHE, Police Officer; WILLIAM MUSE, Detective, Tacoma Police Department,

  Defendants-Appellees.

No.  22-35511

D.C. No. 3:21-cv-05218-BJR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted June 7, 2023**

Before:  WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Michael Muthee Munywe appeals pro se from the district court's summary

judgment for defendants in Munywe's action alleging constitutional violations in

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016), and we affirm.

The district court properly dismissed Munywe's Eighth Amendment claims. Munywe alleged mistreatment as a pretrial detainee, and his claims accordingly arose under the Fourteenth Amendment. *See id.* at 1246 n.5 ("[P]retrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

The district court properly granted summary judgment on Munywe's Fourteenth Amendment claims that he was handcuffed too tightly for over seven hours; held in a room with toxic fumes; and denied water and an opportunity to use the bathroom. Munywe failed to produce any objective medical evidence in support of his injury claims. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001). Munywe also failed to raise a triable issue about whether the defendants had an objectively reasonable basis for confining Munywe as he claims. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018); *see also Kingsley v. Hendrickson,* 576 U.S. 389, 398 (2015) ("A pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.").

2

The district court properly granted summary judgment on Munywe's equal protection claims. Munywe alleged that defendants questioned him about his accent, but the officers had a legitimate law enforcement purpose for doing so: The alleged assailant was reported to have spoken with an accent; and the detectives were attempting to verify that Munywe was capable of being interviewed without an interpreter. *See, e.g., Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("[A] plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."), *quoting Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Munywe's claims under 42 U.S.C. § 1981 also fail, because Munywe did not allege any impairment protected by the statute.

Lastly, the district court did not abuse its discretion in denying Munywe's discovery motion because Munywe failed to comply with meet and confer requirements under local rules. *See, e.g., Tri-Valley CAREs v. U.S. Dep't of Energy,* 671 F.3d 1113, 1131 (9th Cir. 2012) (denial of motion for failure to comply with local rules is well within a district court's discretion).

AFFIRMED.