**NOT FOR PUBLICATION**

FILED

MAY 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTICE DESHAWN WALLACE, | No. 22-16324 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04126-DJH |
| v. | |
| TIMOTHY A JONES, pursuant to Doc. 42, Fire Captain with City of Phoenix Fire Department; MICHAEL J THOMAS, pursuant to Doc. 42, City of Phoenix Fireman; KEITH B WAGNER, pursuant to Doc. 42, City of Phoenix Fireman; SCOTT A. ALFRED, pursuant to Doc. 42, City of Phoenix Fireman; TODD RIGGS, Firefighter at City of Phoenix Fire Department; DANIEL WARREN, Firefighter at City of Phoenix Fire Department; PHOENIX, CITY OF, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Arizona state prisoner Martice Deshawn Wallace appeals pro se from the district court's sua sponte dismissal of his unlawful seizure claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and the denial of his motion for a new trial on his excessive force claim. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal de novo[1] and the denial of a motion for new trial for abuse of discretion.[2] We affirm.

The district court did not err by dismissing Wallace's unlawful seizure claim against firefighters Scott Alfred, Michael Thomas, and Keith Wagner[3] because Wallace failed to state a claim on which relief could be granted. *See Barren*, 152 F.3d at 1194. The claim made no allegations against Alfred, Thomas, or Wagner. *See id.*; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Nor did his complaint

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

[2] *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam).

[3] The district court also dismissed the unlawful seizure claim as to Timothy Jones. However, it subsequently granted summary judgment for Jones on the claim, which Wallace does not appeal.

allege a failure to intercede claim, as Wallace contends. Even construed liberally, his complaint does not suggest that either Alfred, or Thomas, or Wagner was aware of any violation of Wallace's constitutional rights by defendants Todd Riggs or Daniel Warren. *Cf. Tobias v. Arteaga*, 996 F.3d 571, 583–84 (9th Cir. 2021). In any event, a failure to intercede claim would fail as a matter of law because there could be no cognizable claim of a constitutional violation by Riggs and Warren on which a failure to intercede claim could be predicated. *See id*.; *see also Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).

The district court did not abuse its discretion by denying Wallace's motion for a new trial on his excessive force claim. *See Mueller v. Auker*, 700 F.3d 1180, 1193–94 (9th Cir. 2012). Notwithstanding evidence that could have supported Wallace's claim, Wallace did not demonstrate that the jury's verdict was against the clear weight of the evidence. *See id*.; *see also Kode*, 596 F.3d at 613.[4]

**AFFIRMED.**

---

[4] Because substantial evidence supports the jury verdict regardless of the trial exhibits missing from the record, Wallace's Motion for Defendants' Counsel to File the Missing Exhibits (Dkt. 41) is denied. His Motion for Correction/Modification of the Record on Appeal (Dkt. 11) is also denied.