**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS W. HYSELL, | No. 12-16970 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01233-AWI-GBC |
| v. | |
| ARNOLD SCHWARZENEGGER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 14, 2013[**]

Before: LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Douglas W. Hysell appeals pro se from the district

court's judgment dismissing his action alleging violations of the Racketeer

Influenced and Corrupt Organizations Act ("RICO"). We have jurisdiction under

28 U.S.C. § 1291. We review de novo both a dismissal under 28 U.S.C. § 1915A,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and under 28 U.S.C. § 1915(e)(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Hysell's action because the allegations in his amended complaint do not set forth facts demonstrating a pattern of racketeering activity required to state a claim for violations of, or conspiracy to violate, RICO. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (listing elements of a RICO claim under 18 U.S.C. § 1962(c), and explaining that, to plead a RICO conspiracy claim under § 1962(d), the plaintiff must first adequately plead a substantive violation of RICO); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1105-06 (9th Cir. 2011) (prisoner's allegations of alleged constitutional violations do not qualify as predicate acts to establish a pattern of racketeering activity for the purposes of a RICO claim).

**AFFIRMED.**