**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM L. HUNTER,

          Plaintiff - Appellant,

  v.

A. GOMEZ, licensed vocational nurse;
A. HARRINGTON; S. LOPEZ,

          Defendants - Appellees.

No. 12-16664

D.C. No. 1:11-cv-00758-BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding [**]

Submitted July 24, 2013[***]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Hunter consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34 (a)(2).

California state prisoner William L. Hunter appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2). *Resnick v. Hayes*, 213 F. 3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Hunter's claims against defendant Gomez because Hunter failed to allege any facts in his operative amended complaint demonstrating that Gomez knew of and consciously disregarded Hunter's serious medical needs when she injected him with the wrong kind and amount of insulin. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."). A complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* While courts must take all well-pleaded factual allegations as true, they do not have to accept "bare assertions." *Id.* at 681.

The district court properly dismissed Hunter's claims against the supervisor defendants because Hunter failed to allege facts demonstrating their personal involvement in the alleged violations or a causal connection between their conduct and the alleged violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'") (citation omitted)).

**AFFIRMED.**