**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDWAN THURMOND,

        Plaintiff - Appellant,

   v.

DARIN COOL,

        Defendant - Appellee.

No. 12-17782

D.C. No. 3:11-cv-00100-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

   Nevada state prisoner Edwan Thurmond appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging that defendant violated

his constitutional rights by confiscating and destroying his legal materials as

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

contraband.   We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

Cir. 2004) (summary judgment); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington,* 152 F.3d 1193,

1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We

affirm.

The district court properly granted summary judgment on Thurmond's First

Amendment access-to-courts claim because Thurmond failed to raise a genuine

dispute of material fact as to whether he suffered an actual injury as a result of the

destruction of his legal materials.  *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996)

(access-to-courts claim requires plaintiff to show that defendant's conduct caused

actual injury to a non-frivolous legal claim); *Cafasso, U.S. ex rel. v. Gen.

Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive

summary judgment, a plaintiff must set forth non-speculative evidence of specific

facts, not sweeping conclusory allegations.").

The district court properly dismissed Thurmond's equal protection claim

because Thurmond failed to allege that defendant intentionally treated him

differently from others who were similarly situated without a rational basis, *see N.

Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), or

intentionally discriminated against him on the basis of his membership in a

protected class, *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

The district court properly dismissed Thurmond's claim that defendant deprived him of property without due process because Thurmond had an adequate post deprivation remedy under Nevada law. *See* Nev. Rev. Stat. §§ 41.031, 41.0322; *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

We do not consider issues raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Thurmond's remaining contentions concerning alleged fraud on the court and the district court's alleged failure to consider claims against defendant in his personal capacity are unpersuasive.

Thurmond's request for judicial notice, set forth in his opening brief, is granted.

**AFFIRMED.**