**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| THOMAS ANDERSON, | No. 12-35230 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-06406-TC |
| v. |  |
| STATE OF OREGON, | MEMORANDUM[*] |
| Defendant - Appellee. |  |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Thomas Anderson appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging claims related to unfavorable

judgments by the Oregon state court in prior tort, breach of contract, and family

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law actions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the dismissal of an action under 28 U.S.C. § 1915(e), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and under the *Rooker-Feldman* doctrine, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Anderson's claims as barred by the *Rooker-Feldman* doctrine because they amounted to a forbidden "de facto appeal" of unfavorable judgments in prior Oregon state court, and raised constitutional claims that were "inextricably intertwined" with those state-court judgments. *Noel*, 341 F.3d at 1163-65; *Cooper v. Ramos*, 704 F.3d 772, 778-79 (9th Cir. 2012) (under the *Rooker-Feldman* doctrine, claims are inextricably intertwined where "'the relief requested in the federal action would effectively reverse the state court decision or void its ruling'" (citation omitted)).

The district court did not abuse its discretion by dismissing Anderson's action without leave to amend because amendment would have been futile. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth standard of review and explaining that leave to amend may be denied where the complaint cannot be saved by any amendment).

Anderson's contentions regarding the alleged inconsistencies in the district court's reasons for dismissing the action, and the allegedly erroneous application

of an abstention doctrine as an alternative basis for dismissal, are unpersuasive.

**AFFIRMED.**