**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK KUNKEL,

        Plaintiff - Appellant,

  v.

SHERRY LOPEZ, CMO Kern Valley
State Prison; et al.,

        Defendants - Appellees.

No. 14-15363

D.C. No. 1:11-cv-01026-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding[**]

Submitted December 9, 2014[***]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

     Patrick Kunkel, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    Kunkel consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

     [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Kunkel's action because Kunkel failed to allege facts showing that defendants were deliberately indifferent to Kunkel's ankle infections. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; neither a mere difference of opinion concerning the course of treatment nor negligence in diagnosing or treating a medical condition amounts to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow internal prison policies does not rise to the level of a constitutional violation).

**AFFIRMED.**