**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODNEI FRAZIER,

               Plaintiff - Appellant,

    v.

JOHNATHAN AKANO; et al.,

               Defendants - Appellees.

No. 13-17471

D.C. No. 1:10-cv-01656-LJO-MJS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

    California state prisoner Rodnei Frazier appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and retaliation against him for filing a

federal action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)).  We affirm.

The district court properly dismissed Frazier's Eighth Amendment claim because Frazier failed to allege facts sufficient to show that defendants were deliberately indifferent to his alleged need for treatment.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health[.]"); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (delay of medical treatment does not constitute deliberate indifference unless delay led to further injury); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed Frazier's retaliation claim because Frazier failed to allege facts to show that defendants knew of or were motivated by Frazier's federal action filed against individuals at another prison facility years earlier.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

13-17471

We reject Frazier's contentions concerning leave to amend to add new defendants.

**AFFIRMED.**