
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION; et al.,<br><br>        Defendants - Appellees. | No. 13-15803<br><br>D.C. No. 1:12-cv-01003-LJO-DLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted August 25, 2015**
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Michael Anthony Todd appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that he has been denied the right to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

practice his religion. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm in part, reverse in part, and remand.

The district court properly dismissed Todd's due process claim because Todd had an adequate post-deprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (no due process claim against a state employee for an unauthorized intentional deprivation of property where state law provides an adequate post-deprivation remedy); *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court properly dismissed Todd's claim regarding the processing and handling of his prison grievances because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

However, the district court prematurely dismissed Todd's First Amendment, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Establishment Clause and equal protection claims because Todd's allegations, liberally construed,

2

were "sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d at 1116; *see also Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005) (setting forth elements of RLUIPA claim); *Alvarado v. City of San Jose*, 94 F.3d 1223, 1229 (9th Cir. 1996) (setting forth test to determine whether a belief or movement invokes constitutionally cognizable religious interests). We express no opinion as to whether Creativity constitutes a religion.

Todd's petition filed on November 18, 2013, is construed as a motion to submit a supplemental brief, and granted.

**AFFIRMED in part; VACATED in part; and REMANDED.**