**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE L. REVIS, | No. 15-15325 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00059-AWI-DLB |
| v. | |
| J. WANG; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Andre L. Revis, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Revis's action because Revis failed to allege facts sufficient to state a deliberate indifference claim.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference); *see also Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether the complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint").

**AFFIRMED.**