NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA ROY, AKA Teresa Renee Roy Ford-Roy, <br><br>                        Plaintiff-Appellant, <br><br>   v. <br><br> THE STATE OF CALIFORNIA, as an individual; et al., <br><br>                        Defendants-Appellees. | No. 15-56113 <br><br> D.C. No. 2:15-cv-03738-RT-PJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Robert J. Timlin, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

     Teresa Roy, a.k.a. Teresa Renee Roy Ford-Roy, appeals pro se from the

district court's order dismissing her 42 U.S.C. § 1983 action alleging various

claims against the State of California, the County of Los Angeles, and the U.S.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Administration, among other defendants. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We vacate and remand.

Although the district court properly dismissed Roy's complaint because it failed to state a claim for relief, the district court abused its discretion by dismissing the complaint without leave to amend because it is not clear that amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (standard of review); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). For example, although Roy failed to allege facts sufficient to state claims for false arrest, malicious prosecution, and wrongful conviction, Roy may be able to state one or more of those claims by alleging that her criminal conviction was dismissed and expunged.

On remand, the district court shall permit Roy to include in her amended complaint allegations and supporting documents pertaining to the alleged dismissal

15-56113

and expungement of her criminal conviction.

**VACATED and REMANDED.**