NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD JEROME LAWSON, | No. 16-16825 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00576-EPG |
| v. | |
| ALVARADO, Officer; LEPE, Lieutenant, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding**

Submitted April 11, 2017***

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Ronald Jerome Lawson, a federal prisoner, appeals pro se from the district

court's judgment in his action under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    Lawson consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

\*\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to his safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Lawson's failure-to-protect claim against defendants Alvarado and Lepe because Lawson failed to allege facts sufficient to show that Alvarado or Lepe was deliberately indifferent to Lawson's safety by placing and keeping him in a cell with inmate Brown. *See Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (setting forth elements of a claim against prison officials for failure-to-protect inmates from violence by other inmates); *see also Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (*Bivens* actions are identical to actions under 42 U.S.C. § 1983 "save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*").

The district court did not abuse its discretion in dismissing Lawson's third amended complaint without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "a district court may dismiss without leave where . . . amendment would be futile"); *see also Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in

16-16825

deciding subsequent motions to amend is particularly broad" (citation and internal quotation marks omitted)).

We reject as without merit Lawson's contention that the district court was required to permit Lawson to stand on an earlier complaint after he filed an amended complaint.

We do not consider allegations not pled in the third amended complaint because Lawson elected not to stand on his earlier complaint.

**AFFIRMED.**