**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 23 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TYRONE WALLACE, | No. 17-55660 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01917-AJB-NLS |
| v. | |
| R. OLSON, RJD Appeals Coordinator; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Tyrone Wallace, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Wallace's access-to-courts claim because Wallace failed to allege facts sufficient to show that he suffered an actual injury caused by defendants' alleged improper screening of his grievances.  *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (the complaint must describe the underlying claim "well enough to apply the 'nonfrivolous test'" and "to show that the 'arguable' nature of the underlying claim is more than a hope").

The district court properly dismissed Wallace's claims of deliberate indifference to his safety and serious medical needs because Wallace failed to allege facts sufficient to show that either Dr. Dalglish or Dr. Glynn was aware of any risk to his safety or serious medical needs by failing to grant him a single cell chrono.  *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) ("To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk.").

**AFFIRMED.**