NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDUL HOWARD, | No. 18-15003 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02318-RFB-VCF |
| v. | |
| CLARK COUNTY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Abdul Howard, a Nevada state pretrial detainee, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations

of his constitutional rights.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record. *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

The district court properly dismissed Howard's claims concerning the grievance process at Clark County Detention Center because "inmates lack a separate constitutional entitlement to a specific . . . grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court properly dismissed Howard's claims against Sletten Construction because Howard failed to allege facts sufficient to show that Sletten Construction acted under color of state law. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (elements of § 1983 action); *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (explaining state action requirement and that private parties are generally not state actors).

The district court properly dismissed Howard's remaining claims because Howard failed to allege facts sufficient to show that the remaining defendants personally participated in the alleged rights deprivations, or that his alleged injury was caused by a municipal defendant's policy or custom. *See Castro v. County of*

*Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) ("In order to establish municipal liability, a plaintiff must show that a 'policy or custom' led to the plaintiff's injury."); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (explaining personal participation requirement); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**