NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH A. BROWN, | No. 18-35417 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00160-BLW |
| v. | |
| KEITH YORDY, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted September 12, 2018[**]

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Idaho state prisoner Keith A. Brown appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional

claims arising out of his disciplinary proceedings and sanctions. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm in part, reverse in part, and remand.

The district court properly dismissed Brown's due process claims that were premised on his allegations that internal policies were not followed during his disciplinary proceedings and that his thirty-day confinement in disciplinary segregation violated a protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994) (allegations that prison regulations were not followed during disciplinary proceedings, without more, does not violate the Due Process Clause).  However, Brown further alleged that he was unable to present evidence during his disciplinary proceedings, and that because of the disciplinary charges, he was transferred to the Idaho State Maximum Security Institution, denied parole, and excluded from "almost all human contact."  Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm*, 680 F.3d at 1116; *see also Wilkinson v. Austin*, 545 U.S. 209, 223-225 (2005) (prisoner

2                                                                                              18-35417

has a protected liberty interest in avoiding detention in a "supermax" facility, where such placement disqualified the prisoner from parole consideration, duration of the assignment was indefinite, and almost all human contact was limited); *Wolff v. McDonnell*, 418 U.S. 539, 566-69 (1974) (prisoner must be allowed to call witnesses and present documentary evidence in his defense during disciplinary proceedings, unless limited exceptions apply). We therefore reverse the judgment as to these claims and remand for further proceedings.

The district court dismissed Brown's equal protection and retaliation claims on the basis that the prison had a legitimate penological reason for enhancing Brown's disciplinary charge. However, Brown alleged that disciplinary charge number 166443 was enhanced in retaliation for his involvement in a class action lawsuit, and that prison authorities thereby treated him differently than other similarly situated inmates. Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm*, 680 F.3d at 1116; *see also Sandin*, 515 U.S. at 487 n.11 (Equal Protection Clause protects prisoners from arbitrary state action); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of First Amendment retaliation claim in the prison context); *McElyea v. Babbit*, 833 F.2d 196, 197-98 (9th Cir. 1987) (prison policy that impinges on

prisoner's constitutional rights must be reasonably related to a legitimate penological interest). We therefore reverse the judgment as to these claims and remand for further proceedings.

We reject as without merit Brown's contentions that the district court improperly dismissed his claims against the Idaho Board of Corrections and the Idaho Commission of Pardons and Parole. *See S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 508 (9th Cir. 1990) (Eleventh Amendment immunity bars claims against states and their agencies).

**AFFIRMED in part, REVERSED in part, and REMANDED.**