NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS TAPIA-FIERRO, | No. 18-16543 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04005-JAT-ESW |
| v. | |
| WILLIAM BARR, Attorney General[*]; KIRSTJEN NIELSEN, Secretary of the United States Department of Homeland Security, | MEMORANDUM[**] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted February 19, 2019[***]

Before: FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Immigration detainee Jose Luis Tapia-Fierro appeals pro se from the district

---

[*] William Barr has been substituted for his predecessor, Matthew G. Whitaker, as Attorney General under Fed. R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court's judgment dismissing his action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging constitutional claims arising from his unlawful removal in 2001. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal on the basis of the statute of limitations); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Tapia-Fierro's action as time-barred because Tapia-Fierro filed this action more than two years after his claims accrued. *See* Ariz. Rev. Stat. § 12-542 (two-year statute of limitations for personal injury claims); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (forum state's statute of limitations for personal injury claims applies in *Bivens* actions); *see also W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (a *Bivens* claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the action).

**AFFIRMED.**

18-16543