**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAM HAWTHORNE, | No. 18-15693 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00235-RCJ-VPC |
| v. | |
| MACKENZIE BENNINGTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Nevada state prisoner Adam Hawthorne appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm in part, reverse in part, and remand.

In Hawthorne's opening brief, he fails to challenge specifically any of the grounds for the district court's dismissal of his due process claims. Because Hawthorne has waived any challenge to these claims, we affirm their dismissal. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief." (citation and internal quotation marks omitted)); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

The district court dismissed Hawthorne's deliberate indifference and retaliation claims for failure to state a claim. However, dismissal of these claims against defendant Bennington was premature. Hawthorne alleged that after his backed "seized up" and caused him to collapse, defendant Bennington refused to examine him or refer him to a doctor, and then retaliated against him by falsely charging him with filing a frivolous medical complaint. Liberally construed, these allegations "are sufficient to warrant ordering [Bennington] to file an answer."

2

*Wilhelm*, 680 F.3d at 116.  We reverse the judgment as to Hawthorne's deliberate indifference and retaliation claims against defendant Bennington and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**