**NOT FOR PUBLICATION**

## FILED

### UNITED STATES COURT OF APPEALS

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN-PIERRE RONET, | No. 22-15942 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01677-DLR-MHB |
| v. | |
| STEPHEN MORRISON, Administrative Service Manager, Arizona Department of Public Safety, in his official and individual capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted August 15, 2023[**]

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Jean-Pierre Ronet appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various claims related to his registration as a sex offender and his attempt to register to vote. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Ronet's claims against defendants Morrison and Rubio because Ronet failed to allege facts sufficient to show that he was not required to register as a sex offender or that he was denied any process that was due. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); *Conn. Dep't of Public Safety v. Doe*, 538 U.S. 1, 7 (2003) (rejecting a procedural due process argument where sex offender registration requirements "turn[ed] on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest"); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (citation omitted)).

The district court properly dismissed Ronet's claim against defendant Richer because Ronet failed to allege facts sufficient to show that Richer had any personal involvement in Ronet's failure to receive a voter registration card or that Ronet was denied a voter registration card as the result of a Maricopa County policy,

practice, or custom. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (explaining that "in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law" (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Barren*, 152 F.3d at 1194 ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

Because Ronet failed to make any argument in his opening brief regarding the district court's dismissal of his Eighth Amendment claims, Ronet has waived any challenge to the dismissal of these claims. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we cannot manufacture arguments for appellant and . . . will not consider any claims that were not actually argued in appellant's opening brief" (citation and internal quotation marks omitted)).

**AFFIRMED.**