NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS E. SHIELDS, | No. 22-15922 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00031-MMD-CSD |
| v. | |
| RENEE BAKER, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted April 2, 2025
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

In this 42 U.S.C. § 1983 action, Douglas E. Shields, an inmate at Lovelock

Correctional Center ("LCC"), raised various claims against Nevada state prison

officials ("Defendants"). The district court granted summary judgment to

Defendants on Shields's retaliation and due process claims, and dismissed certain

other claims at Prison Litigation Reform Act ("PLRA") screening. Judgment was

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

entered against Shields on his remaining claims after an adverse jury verdict. We have jurisdiction over Shields's appeal under 28 U.S.C. § 1291. We affirm.

We review a dismissal at PLRA screening under 28 U.S.C. §§ 1915(e)(2) and 1915(A) and summary judgment de novo. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (PLRA screening); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (summary judgment). We review an unpreserved claim of error at trial for plain error. *See Lam v. Cty. of Los Banos*, 976 F.3d 986, 1006 (9th Cir. 2020) (evidentiary ruling); *United States v. Pineda-Doval*, 614 F.3d 1019, 1031 (9th Cir. 2010) (verdict form ruling).[1]

1.      To bring "a viable claim of First Amendment retaliation," a prisoner must establish, among other elements, that "the action did not reasonably advance a legitimate correctional goal." *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)). Shields alleged that he was transferred to High Desert State Prison ("HDSP") *rather than* LCC as retaliation for filing grievances at LCC. But Defendants

---

[1]      We need not resolve Shields's argument that unpreserved charging errors should nonetheless be reviewed de novo because plaintiff was pro se and the district court was aware of the issue. *See Chess v. Dovey*, 790 F.3d 961, 964 (9th Cir. 2015). Even assuming de novo review applies, "reversal is not warranted if 'the error is more probably than not harmless.'" *Skidmore* v. *Led Zeppelin*, 952 F.3d 1051, 1065 (9th Cir. 2020) (quoting *Swinton v. Potomac Corp*, 270 F.3d 794, 802, 805 (9th Cir. 2001)). Just as any error did not affect Shields's substantial rights, so too it was more probably than not harmless.

presented evidence that Shields's transfer from Ely State Prison—a maximum-security prison—to HDSP—a medium-security prison—advanced a legitimate correctional goal because Shields had completed his disciplinary segregation. And Shields presented no evidence that this was not a legitimate correctional goal. Thus, the district court correctly granted summary judgment to Defendants on this claim.[2]

2.      Shields claims that Defendants violated his procedural due process rights in adjudicating the appeal of his disciplinary segregation. In analyzing a procedural due process claim, "we determine whether the inmate was deprived of a constitutionally protected liberty or property interest" and "whether that deprivation was accompanied by sufficient procedural protections." *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). Even assuming that Shields was deprived of a constitutionally protected liberty interest, he was provided sufficient procedural protection. Defendants presented evidence that Shields was charged with theft and staff compromise, and that he was afforded an initial hearing. *See Wolff v. McDonnell,* 418 U.S. 539, 563 (1974). Defendants also presented evidence that Shields requested the reduction of his staff compromise charge as a potential remedy, and Defendant Foster was entitled to "modify, but not increase the charge(s) and/or sanctions imposed." Nevada Department of Corrections

---

[2]      Shields was transferred back to LCC after approximately six months.

3

Administrative Regulation 707.1(3)(c). Because "some evidence supports the decision by the prison disciplinary board," *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985), the district court did not err in granting summary judgment to Defendants on Shields's due process claim.

3. Construing Shields's complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we assume arguendo it plausibly stated at the pleading stage an equal protection claim that he was singled out for discipline, *see Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). But Shields concedes that he did not object to the omission of this equal protection claim from the verdict form at trial, so we review for plain error. *See Greer v. United States*, 593 U.S. 503, 507 (2021). And any error in omitting this claim from the verdict form did not affect Shields's substantial rights. The allegations underlying the disciplinary equal protection claim were similar to those underlying the claims that proceeded to trial, in which the jury rejected Shields's contentions that Defendants acted for unconstitutional reasons. Because the jury returned a verdict for Defendants on all counts, Shields cannot show "a reasonable probability that, but for the error the outcome of the [trial] would have been different." *United States v. Michell*, 65 F.4th 411, 414 (9th Cir. 2023) (quoting *Greer*, 593 U.S. at 508).

4. Any error in the district court's First Amendment retaliation claim jury instruction did not affect Shields's substantial rights. In analyzing the

legitimacy of a correctional goal in First Amendment retaliation cases, courts afford "appropriate deference and flexibility" to prisons. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)). The evidence established that Shields was found guilty of staff compromise and that transfer to another facility was justified in such instances. Given the strength of Defendants' evidence that their actions were reasonably related to an interest in prison security, there is not a reasonable probability that the outcome of the trial would have been different with a more tailored instruction. *See Michell*, 65 F.4th at 414.

5. Shields is not entitled to a retrial based on cumulative error. Shields argues on appeal that the district court plainly erred by allowing admission of unfairly prejudicial testimony from Defendant Carpenter. *See* Fed. R. Evid. 403. The district court did not plainly err. Because the admission of the testimony was placed "in its proper context," *United States v. Wells*, 879 F.3d 900, 937 (9th Cir. 2018), it did not "seriously affect the fairness" of the trial, *United States v. Olano*, 507 U.S. 725, 735–37 (1993) (citation omitted).

6. The district court did not plainly err by failing to recognize that Shields was unable to obtain proper hygiene during trial. Shields raised this issue prior to trial and the district court was attentive to Shields's hygiene concerns. Shields did not raise any issues with his access to proper hygiene during trial. And

Shields does not present evidence to suggest that there was a reasonable probability that, but for the lack of access to proper hygiene, the trial outcome would have been different. *See Michell*, 65 F.4th at 414.

**AFFIRMED.**